I dissent from the majority view. Nails working their way out of decking exposed to the elements is so patently a defect that can be guarded against that it is almost tantamount to negligence per se for anyone building a deck that will be used by the public not to use "ring shank nails".
The fact that the rangers routinely patrolled and looked for nails that had worked their way out of the wood on the boardwalk and thus posed a potential hazard to the public is ample evidence that the State was on notice of a potentially dangerous hazard.
It is common knowledge that ordinary nails will, over time, work their way out of boards used for decking exposed to the elements and will become a source of potential hazard. This is the very reason the anti-slip nail, commonly known as a "ring shank nail", was invented and is generally available throughout the country. Ring shank nails cost only about twice the cost of an ordinary nail but they do not work their way out of the wood. In fact, the only way they can be removed is to cut off their head. Due to the known danger from the use of ordinary nails for decking exposed to the weather and due to the reasonable cost of using ring shank nails instead of ordinary nails, I would find that it was negligence for the N.C. Division of Parks and Recreation under the facts of this case either (1) to fail to place signs on the boardwalk warning of the danger from protruding nails, (2) to fail to replace the ordinary nails with ring shank nails as the ordinary nails worked their way out of the wood, or (3) do both.
 S/ ________________ THOMAS J. BOLCH COMMISSIONER